# Jones *v.* The State.

## *Violating Prohibition Law.*

(Decided May 7, 1912.   58 South. 1011.)

1. *Intoxicating Liquors; Search and Seizure; Affidavit.*—An affidavit alleging that the defendant kept a place where sprituous, vinous and malt liquors were kept for sale or other disposition contrary to law, the same being located at his dwelling in Camp Hill, Alabama, or house occupied by defendant, or that he had sprituous, vinous or malt liquors stored or kept for sale, delivery, or distribution, in or about his premises, contrary to law, in said house, located at Camp Hill, Alabama, sufficiently showed the existence of a ground for the issuance of a warrant to search and seize such liquor as is provided by Acts 1909, p. 76.

2. *Same; Wrongful Keeping for Sale.*—Section 2, sub-division 6, paragraph a, Acts 1909, p. 76, is not unconstitutional.

3. *Searches and Seizures; Intoxicating Liquors Unreasonable Search.*—Where a warrant directed the officer to make immediate search of defendant's premises for intoxicating liquors wrongfully kept for sale and to seize any such liquors and hold the same until further orders from the court, a return made by the officer showing that he found nine barrels of whiskey in pint bottles and had given notice of the seizure, was not objectionable as showing that the search was unreasonable, and in violation of the bill of rights.

*4. Same; Execution of Warrant; Forcing Entrance.*—Section 7765 Code 1907, does not prohibit an officer from forcing an entrance into a house ordered to be searched, which at the time of the execution of the writ was not occupied by any human being; nor does it require the officer to give notice of his purpose and authority, where there was no one about the place to receive such notice or permit or refuse admission.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Proceedings by the State of Alabama against L. D. Jones for search and seizure of prohibited liquors. Judgment for the state, and defendant appeals. Affirmed.

The affidavit is as follows: "Before me, G. J. Sorrell, county judge of Tallapoosa county, appeared A. W. Briscoe, who, being duly sworn, deposes and says that L. D. Jones, alias Red Jones, alias Bud Jones, keeps a place where spirituous, vinous, or malt liquors or beverages are kept for sale or otherwise disposed of, contrary to law, being located at his dwelling house in Camp Hill, Ala., or house occupied by said Jones, or that said Jones has spirituous, vinous, or malt liquors stored or kept for sale, delivery, or distribution in or about his house or premises, contrary to law, in said house or place, located at Camp Hill, Ala." The warrant followed the affidavit, and directed the sheriff to search in the daytime, or any time the place is open, to make immediate search in the house or premises of said Jones for spirituous, vinous, or malt liquors, a more particular description of which is unknown, "and if you find the same, or any part thereof, to seize same and hold until further orders from the county court of Tallapoosa county." The sheriff made return, stating that he had found nine barrels of whisky in pint bottles, and notice was given under the terms of the statute.

Motion was made to dismiss the cause, to quash the search warrant, and to release and discharge the prop-

erty: (1) Because the whole bill is unconstitutional;
(2) because the search and seizure, as shown by the
return of the sheriff, was unreasonable and violative of
section 5 of the Bill of Rights; (3) because section 22
of the Fuller act (Sp. Laws 1909, p. 74) was unconsti-
tutional and void; and (4) because it was based upon
an affidavit not made as required by law, and not taken
in the manner required by law. The demurrers raise
practically the same question. Defendant also contro-
verted the allegations of the complaint, setting up a
right, title, and interest in the liquors, which he had
bought and paid for and had stored in his house, setting
up that they were not for sale, delivery, or distribution
contrary to law.

BULGER & RYLANCE, for appellant. The court erred
in refusing to quash the writ and discharge and re-
lease the property. The process was void and conferred
no authority.—*Counts v. Harlan*, 78 Ala. 554; *Cunning-
ham v. Baker*, 104 Ala. 160; *Ex parte Hearn*, 82 Ala.
110; *Boyd v. U. S.*, 116 U. S. 616; Art. 4, Constitution
United States; Sec. 5, Constitution 1901; Sec. 3, Fuller
Bill. On these authorities, it is submitted that the court
erred in overruling the demurrers to the affidavit, and
also in permitting the introduction in evidence of the
affidavit and warrant, and the return thereon.

R. C. BRICKELL, Attorney General, and W. L. MAR-
TIN, Assistant Attorney General, for the State. This
cause should be affirmed on the authority of *Toole v.
The State*, 170 Ala. 41.

WALKER, P. J.—The affidavit upon which the search
warrant was issued showed the existence of the ground
for the issuance of such process which is stated in par-
agraph "a" of subdivision 6 of section 22 of the act "to

further suppress the evils of intemperance," etc., approved August 25, 1909.—Acts Ala. Sp. Sess. 1909, 63, 76. The objections raised by the defendant's motion to quash the search warrant and by his demurrer to the affidavit and complaint were properly disposed of, as is shown by what was said in the opinion rendered in the case of *Toole v. State,* 170 Ala. 43, 54 South. 195.

The mandate of the writ that the officer to whom it was addressed "make immediate search" in the house **or premises mentioned** "in the daytime, or any time the place is open," was in substantial conformity with the requirements of subdivisions 4 and 5 of section 22 of the act above mentioned. The evidence showed that the writ was executed in the daytime, by forcing an entrance through a window into the house mentioned, when it was unoccupied by its proprietor or any other person. The authority conferred on the officer, by section 7765 of the Code, "to break open any door or window of a house, or any part of a house, or anything therein, if, after notice of his authority and purpose, he is refused amittance," is not to be construed as prohibiting the forcing of an entrance into a house ordered to be searched, which, at the time of the execution of the writ, is not occupied by any human being, or as requiring the officer to give notice of his authority and purpose, when there is no one about the premises to receive such notice, or to permit or refuse admittance. Obedience to this provision prevents an unnecessary use of force, if there is some one present to whom the officer may give notice of his authority and purpose, and who may permit admittance to the house or place to be searched. The evidence as to the seizure under the writ was not subject to objection on the ground that it showed that the seizure was illegally and wrongfully made.

[Rose v. The State.]

The bill of exceptions does not set out any written charge requested by the defendant, nor disclose the action of the court in reference to any charge or request to charge. No ruling of the court on any request of the defendant for an instruction to the jury is presented for review.

Affirmed.

*Violating Prohibition Law.*

