**Charles Edward PAYNE, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 74–1388.

United States Court of Appeals, Fifth Circuit.

March 5, 1975.

---

Molly Bartholow, Dallas, Tex. (Court-appointed), for petitioner-appellant.

Frank D. McCown, U. S. Atty., Fort Worth, Tex., William F. Sanderson, Jr., Asst. U. S. Atty., Dallas, Tex., for respondent-appellee.

Before BELL, AINSWORTH and RO-NEY, Circuit Judges.

AINSWORTH, Circuit Judge:

Charles Edward Payne was convicted of two counts of possessing stolen property of a value exceeding one hundred dollars, in violation of 18 U.S.C. § 659. The first count dealt with Haggar slacks; the second count with a Philco television. He was sentenced to seven years for each count to run concurrently, and his conviction was affirmed. *See* 467 F.2d 828 (1972), cert. denied, 410 U.S. 912, 93 S.Ct. 975, 35 L.Ed.2d 275 (1973).

His present suit, based on 28 U.S.C. § 2255, alleges three principal grounds of error: (1) that the affidavit which formed the basis of the search warrant was insufficient to establish probable cause; (2) that a search warrant executed in the absence of the occupant of the premises was invalid under the Fourth Amendment; and (3) that the television set which was discovered in the first search and seized at a later time, was the product of an illegal search because it was not specifically described in the warrant.

■■■■ We find no merit in the first contention. When viewed in a common sense and realistic manner,[1] the affidavit sets out facts sufficient to enable an impartial magistrate to conclude probable cause existed.[2] Evidence of the reliability of the informant was contained in the recitation of his prior cooperation which resulted in five convictions. Furthermore, this information was corroborated by the affiant's first-hand knowledge and examination of stolen slacks.[3]

The second ground of error pertaining to execution of a search warrant on premises while the occupant was absent involves a new legal issue in this circuit. However, the Third Circuit in United States v. Gervato, 474 F.2d 40, cert. denied, 414 U.S. 864, 94 S.Ct. 39, 38 L.Ed.2d 84 (1973), dealing with identical facts, upheld the validity of a search and seizure with a warrant of unoccupied premises. Petitioner contends, however, that the search and seizure violated 18 U.S.C. § 3109, which requires announcement of authority and purpose and refusal prior to forcible entry and also violated his right of privacy under the Fourth Amendment.

■■■■ Section 3109 has no application to the situation of an unoccupied dwelling.[4] The three interests which are protected by requiring announcement and refusal prior to breakin are: (1) the prevention of violence and physical injury to the police and the occupants; (2) the unexpected exposure of the private ac-

---

1. United States v. Harris, 403 U.S. 573, 577, 91 S.Ct. 2075, 2079, 29 L.Ed.2d 723 (1971); United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).

2. The magistrate's "determination of probable cause should be paid great deference by reviewing courts." Spinelli v. United States, 393 U.S. 410, 419, 89 S.Ct. 584, 591, 21 L.Ed.2d 637 (1969); United States v. Hill, 5 Cir., 1974, 500 F.2d 315, 319. This circuit adheres to the conclusiveness rule in the absence of arbitrariness. Bastida v. Henderson, 5 Cir., 1973, 487 F.2d 860, 863, citing Castle v. United States, 5 Cir., 1961, 287 F.2d 657.

3. *See* Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509 (1964). *See also* United States v. Melancon, 5 Cir., 1972, 462 F.2d 82, in which information was relayed from another agent to the affiant. The recent case of United States v. Acosta, 5 Cir., 1974, 501 F.2d 1330 (en banc rehearing granted December 18,

1974), is distinguishable from the instant suit because there the panel of this court held that the affidavit failed to contain adequate information concerning the reliability of the informant.

4. United States v. Gervato, E.D.Pa., 1972, 340 F.Supp. 454 and 3 Cir., 1973, 474 F.2d 40 (both give a detailed historical analysis of the section); United States v. Hawkins, E.D. Tenn., 1965, 243 F.Supp. 429; Annot., 21 A.L. R.Fed. 892–893 (1974); state court decisions dealing with similar statutory provisions have denied their applicability when premises were unoccupied. *See, e. g.*, Jones v. State, 1912, 4 Ala.App. 159, 58 So. 1011; Hart v. Superior Court, County of San Mateo, 21 Cal.App.3d 496, 98 Cal.Rptr. 565 (1972); People v. Johnson, 231 N.Y.S.2d 689 (Ct.Gen.Sess.N.Y.Co., 1962); Collins v. State, Tenn., 1947, 199 S.W.2d 96.

tivities of the occupants; (3) the property damage resulting from forced entry.[5] Only the third and least significant in terms of individual privacy can possibly be involved when the occupant is absent from the premises. It is futile to require the police to wait for refusal of admittance to a dwelling when no one is home. Logically, therefore, section 3109 is applicable to cases where someone is present at the time the agents knock and announce their authority and purpose.

■ Nor did the police breakin violate the Fourth Amendment prohibiting an "unreasonable search and seizure." Historically, the Fourth Amendment is a codification of early English common law and was designed primarily to combat the evils of general warrants or writs of assistance so hated by American colonists.[6] In this case the issue is whether the execution of a warrant by forcible entry in the absence of the occupant is unreasonable. We hold that it is not. The Fourth Amendment guarantees must be balanced with the efficient operation of the criminal justice system. *See* Texas v. Gonzales, 5 Cir., 1968, 388 F.2d 145. A homeowner has no right to prevent officers armed with a warrant from entering his home. United States v. Bustamante-Gamez, 9 Cir., 1957, 488 F.2d 4. A holding that police cannot enter unoccupied premises even with a warrant would greatly hamper their legitimate activities for the occupant could avoid search by merely leaving the premises on approach of the police or could permanently defeat the warrant by staying away from the premises. *See* United States v. Gervato, E.D.Pa., 1972, 340 F.Supp. 454, 463. The statutory requirements of judicial supervision based on probable cause, the requisites of specificity in describing the premises and the items to be seized, and the delivery of a written inventory of the items taken to the occupant or other competent person provide adequate safeguards against potential abuse and sufficiently limit police discretion.[7]

■ These considerations outweigh the possible evils enumerated by petitioner, which are predicated solely on the assumption of police misconduct.[8] Therefore, we hold that forcible entry pursuant to a search warrant of unoccupied premises is not per se a violation of the Fourth Amendment.

■ Furthermore, the present facts do not disclose any unreasonable activity or police misconduct nor any violation of Fourth Amendment rights. On the contrary, the officers having knowledge of Payne's absence complied with the procedural announcement requirements of section 3109; also, there is no evidence of pilfering. In fact, Payne returned before the completion of the search and was advised of his rights and given an inventory of the goods seized. Based on the totality of the circumstances,[9] we find the instant search and seizure was reasonable and valid.[10]

---

5. *See* United States v. Bustamante-Gamez, 9 Cir., 1973, 488 F.2d 4, 9–12; Note, Police Practices and the Threatened Destruction of Tangible Evidence, 84 Harv.L.Rev. 1465, 1494 (1971).

6. For detailed history, *see* Marcus v. Search Warrants, 367 U.S. 717, 724–729, 81 S.Ct. 1708, 1712–1715, 6 L.Ed.2d 1127 (1961); Boyd v. United States, 116 U.S. 616, 625–629, 6 S.Ct. 524, 529–531, 29 L.Ed. 746 (1886). The Fourth Amendment provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly de-

scribing the place to be searched, and the persons or things to be seized.

7. *See* Rule 41(c) and (d), Fed.R.Crim.P.

8. The Third Circuit in *Gervato, supra*, 474 F.2d at 45, discusses these contentions and decides them adversely to the contentions of petitioner here.

9. Ker v. California, 374 U.S. 23, 33, 83 S.Ct. 1623, 1630, 10 L.Ed.2d 726 (1963); United States v. Rabinowitz, 339 U.S. 56, 63, 70 S.Ct. 430, 434, 94 L.Ed. 653 (1950).

10. The Government urges that petitioner has waived any contention relative to illegal search and seizure because that issue was not raised in the trial on the merits, or in the appeal to this court on the merits.

Although we find no merit in petitioner's third contention concerning the inadmissibility of the television as not "particularly described in the warrant," [11] we point out that the concurrent sentence doctrine disposes of this issue. Benton v. Maryland, 395 U.S. 784, 791, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); United States v. Varner, 5 Cir., 1971, 437 F.2d 1195; United States v. Bigham, 5 Cir., 1970, 421 F.2d 1344; United States v. Barsaloux, 5 Cir., 1969, 419 F.2d 1299; Rogers v. Wainwright, 5 Cir., 1968, 394 F.2d 492.

Affirmed.

11. The TV was discovered with the stolen slacks (described in the warrant) but the NCIC check of the serial numbers originally yielded nothing. Later, when it was reported stolen, the police returned and, with Payne's consent, conducted a search and seized the TV. This seizure can be justified on two theories: (1) the plain view rule, see Cady v. Dombrowski, 413 U.S. 433, 93 S.Ct. 2523, 2531–2532, 37 L.Ed.2d 706 (1973); Ker v. California, supra, or (2) the "nexus" theory, i. e., that the TV was related to Payne's criminal activities as a fence for stolen goods. See Cady v. Dombrowski, supra; Louie v. United States, 9 Cir., 426 F.2d 1398, cert. denied, 400 U.S. 918, 91 S.Ct. 180, 27 L.Ed.2d 158 (1970); Aron v. United States, 8 Cir., 1967, 382 F.2d 965, 973–974.

Petitioner's contention relative to the inadmissibility of a typewriter which was found with the slacks but not described in the warrant is also unfounded based on the above-cited authorities. Additionally, Payne was not charged or convicted of the theft of the typewriter.