UNITED STATES of America, Plaintiff-Appellee,

v.

Henry Joie BROWN, Defendant-Appellant.

No. 76–4364
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 22, 1977.

---

James W. Burgoon, Jr., Greenwood, Miss., for defendant-appellant.

H. M. Ray, U. S. Atty., Alfred E. Moreton, III, John R. Hailman, Asst. U. S. Attys., Oxford, Miss., for plaintiff-appellee.

---

\* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

AINSWORTH, Circuit Judge:

Henry Joie Brown appeals from his conviction for possessing an unregistered machine gun, a violation of 26 U.S.C. §§ 5861(d) and 5871. We affirm.

Agents of the Alcohol, Tobacco, and Firearms Bureau obtained a valid warrant to search appellant's residence for unregistered firearms. Accompanied by a local deputy sheriff who knew appellant, the federal agents surrounded the house, knocked on doors and windows, and announced their identity. They did not announce that they had a search warrant. There was no response to their knocks and calls, so, assuming that Brown was not on the premises, the officers dispatched the deputy sheriff to find Brown. After searching for over an hour without locating Brown, the deputy sheriff returned to the residence where the federal officers were keeping watch. Again they knocked and announced their identity, but they did not announce their purpose—the execution of the warrant. Being reasonably certain that the residence was unoccupied, the agents broke a pane of glass, unlocked a door, and entered. They found an unregistered machine gun in the house. The house was, in fact, unoccupied.

Appellant urges that his motion to suppress the machine gun as evidence should have been granted because the federal officers, by failing to announce their purpose at the residence, violated 18 U.S.C. § 3109, and thereby rendered the search illegal. Section 3109 provides:

> The officer may break open any outer or inner door or window of a house, or

any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.

In *Payne v. United States,* 5 Cir., 1975, 508 F.2d 1391, we held that 18 U.S.C. § 3109 has no application to an unoccupied dwelling. Appellant attempts to distinguish *Payne* by noting that the issue in that case was whether federal officers could forcibly enter a dwelling when the occupant was absent. He asserts that there was no question in *Payne* but that the officers complied with the announcement-of-identity-and-purpose requirement of section 3109.

The logic of *Payne* is applicable here. In *Payne* we noted that it is futile to require police to wait for refusal of admittance to an unoccupied dwelling. *Id.,* 508 F.2d at 1394. Clearly, it is just as futile to announce to an unoccupied building that federal officers have a search warrant. Although the officers, upon first arriving at the residence, did not know that it was unoccupied, it is significant that they did not then execute the warrant by forcible entry. It was not until they were reasonably certain that the dwelling was unoccupied that they executed the warrant. We need not decide whether their initial failure to announce their purpose violated section 3109 because they did not effect their purpose at that time.

Under the particular facts of this case, the search was not unlawful as a violation of section 3109. *Payne, supra; see United States v. Agrusa,* 8 Cir., 1976, 541 F.2d 690, 700, *cert. denied,* 429 U.S. 1045, 97 S.Ct. 751, 50 L.Ed.2d 759 (1977); *United States v. Seelig,* 5 Cir., 1974, 498 F.2d 109. The judgment of conviction is AFFIRMED.