**STATE of Vermont v. Samuel MEYER**

[708 A.2d 1343]

No. 97-264

February 20, 1998. Defendant Samuel Meyer appeals from an Orange District Court order denying his motion to suppress photographs, negatives and videotapes seized from his home pursuant to a valid search warrant. He contends that, under the Fourth and Fourteenth Amendments to the United States Constitution and Chapter I, Article 11 of the Vermont Constitution, the police are prohibited from conducting a search of a home pursuant to a valid search warrant if the homeowner is not present, absent exigent circumstances. We disagree and affirm.

On February 12, 1996, defendant's home was searched pursuant to a search warrant. Initially, the officers found the residence unoccupied and waited two and one-half hours for defendant to return. Finally, they knocked and announced that they had a search warrant. When no one answered, two officers gained entry by climbing through a dog entrance. These officers then unlocked the front door and let in the remaining officers. Defendant's home suffered no damage during the police entry. Defendant arrived home while the search was in progress. The officers found items specified in the warrant, videotapes and photographs showing certain juveniles posing nude and in sexually suggestive positions. Based on the discovery of this evidence, defendant was arrested and charged with two counts of promoting a performance including the lewd exhibition of the genitals of a child in violation of 13 V.S.A. § 2822(a).

Defendant seeks to suppress the evidence seized, claiming that the search of the home while no one is present and without exigent circumstances is per se unreasonable under the Fourth Amendment. Defendant cites no authority for this position, and we find none. Indeed, the federal courts of appeal have consistently held that police may search a dwelling even when the occupant is not present and even without exigent circumstances. See *United States v. Chubbuck*, 32 F.3d 1458, 1461 (10th Cir. 1994) (police search of defendant's apartment pursuant to valid warrant was reasonable even though apartment was unoccupied); *United States v. Gervato*, 474 F.2d 40, 44 (3d Cir. 1973) (Fourth Amendment does not prohibit per se searches conducted in the absence of the occupant); *Payne v. United States*, 508 F.2d 1391, 1394 (5th Cir. 1975) (police search of unoccupied dwelling was reasonable and a different conclusion would "greatly hamper" the legitimate activities of law enforcement officers); *United States v. Agrusa*, 541 F.2d 690, 697-98 (8th Cir. 1976) ("What authority there is holds that unannounced and forcible entries into vacant premises, even homes, in order to conduct a search, are constitutional in the absence of exigent circumstances, provided that the search and seizure is pursuant to warrant and reasonable under the circumstances"); see generally 1 W. LaFave & J. Israel, Criminal Procedure § 3.4(g), at 230 (1984) ("No special showing is needed to execute a search warrant for premises in the absence of the occupant, as such execution is not significantly different from that which would otherwise occur.").

Defendant suggests that whatever was the prior law, his position now follows from *Arkansas v. Wilson*, 514 U.S. 927 (1995), which held that the Fourth Amendment requires that officers must knock and announce their presence before entering a dwelling pursuant to a search warrant. The officers in this case complied with the knock and announce rule, and we fail to see why we should go further than the rule requires. The *Wilson* decision is based on the requirements of the common law at the time of the drafting of the Fourth Amendment. See *id.* at 931. As the Court noted, the common law allowed forcible entry in the absence of a demand when no one was home to answer the demand. See *id.* at 935.

Even if the law were not clear, we

would find unpersuasive defendant's rationale: police searches conducted in unoccupied homes would result in the police exceeding the scope of the warrant and pilfering personal property. In response to a similar argument, the court in *Gervato* held that "it is unlikely that the presence of the occupant at the beginning of a search would significantly reduce the possibility of pilferage or a general search." 474 F.2d at 45. The court noted that judicial approval for obtaining a warrant reduces the potential for a general search. Furthermore, pilferage is unlikely because of the stringent rules requiring inventory of all of the items seized in a search. See *id.*; V.R.Cr.P. 41(d). Moreover, even if the occupant is present while the search is being conducted, the presence of numerous officers will usually make monitoring the search impractical. See *Chubbuck*, 32 F.3d at 1460-61.

On the other hand, we find compelling the State's argument that adoption of defendant's position imposes unreasonable restrictions on necessary law enforcement procedures. Under defendant's position, police would be unable to execute a valid search warrant because the occupant died, is on vacation for an extended period of time, or is avoiding the residence to thwart the search.

We see no different result under Chapter I, Article 11 of the Vermont Constitution. Defendant bears the burden of demonstrating why the Vermont Constitution is more restrictive than the United States Constitution and has failed to do so. See *State v. Gleason*, 154 Vt. 205, 212, 576 A.2d 1246, 1250 (1990). Indeed, Article 11 has more specific requirements for warrants, but does not mention the circumstances involved here.

For these reasons we hold that the police search of defendant's unoccupied home was reasonable under the Fourth Amendment and did not contravene Chapter I, Article 11 of the Vermont Constitution.

*Affirmed.*