STATE of Wisconsin, Plaintiff-Respondent,

v.

Dennis MOSLAVAC, Defendant-Appellant.†

Court of Appeals

*No. 98–3037–CR. Submitted on briefs July 30, 1999.—Decided September 1, 1999.*

(Also reported in 602 N.W.2d 150.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Michael S. Holzman*, of *Rosen and Holzman Ltd.* of Waukesha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Stephen W. Kleinmaier*, assistant attorney general.

Before Brown, P.J., Nettesheim and Anderson, JJ.

NETTESHEIM, J.   We address two issues in this case. First, are the police authorized to forcibly execute a search warrant against an unoccupied premises? We answer yes. Second, must the police knock and announce prior to executing a search warrant against an unoccupied premises? We answer no. We therefore affirm the conviction of Dennis Moslavac for the unlawful delivery or manufacture of a controlled substance as a party to the crime pursuant to § 161.41(1m)(cm)3,

STATS., 1993–94,[1] and § 939.05(1), STATS. We also affirm the postconviction order which rejected Moslavac's challenge to the forcible and unannounced entry by the police into his residence pursuant to a search warrant.

## FACTS

In the trial court, the parties stipulated to the relevant facts. On March 11, 1996, the City of Oak Creek Police Department obtained a no-knock search warrant from Waukesha County Circuit Judge Joseph E. Wimmer authorizing a search of Moslavac's residence in New Berlin, Wisconsin. Judge Wimmer issued the no-knock warrant under the then existing Wisconsin law of *State v. Stevens*, 181 Wis. 2d 410, 511 N.W.2d 591 (1994), *overruled by Richards v. Wisconsin*, 520 U.S. 385 (1997). In *Stevens*, the supreme court created a blanket exception to the knock-and-announce requirement in drug-related searches. The court held that when the police have a search warrant, supported by probable cause, to search a residence for evidence of drug-related activity, the rule of announcement does not apply and a no-knock entry is allowed. *See id.* at 424–25, 511 N.W.2d at 595.

Later, the supreme court confirmed the *Stevens* blanket exception in *State v. Richards*, 201 Wis. 2d 845, 847–48, 549 N.W.2d 218, 219 (1996), *aff'd,* 520 U.S. 385 (1997). However, upon further review, the United States Supreme Court disagreed with that analysis. *See Richards v. Wisconsin*, 520 U.S. 385 (1997). Although affirming, the Supreme Court held that the

---

[1] The current version of this offense is recited at § 961.41(1m)(cm)3, STATS., of the Uniform Controlled Substances Act. .

blanket exception violated the Fourth Amendment. *See id.* at 393–95. The Supreme Court authorized no-knock entries only when the police have a reasonable suspicion that knocking and announcing would be dangerous or futile or would inhibit the effective investigation of the crime. *See id.* at 394.

Relying on pre-*Richards* law and the no-knock provisions in the warrant, the police did not knock or announce when they executed the warrant on March 12, 1996. Instead, they executed the warrant by ramming the front door to the residence. Upon entering the premises, the police discovered that no one was present. An ensuing search produced drug-related evidence. As a result, Moslavac was charged with three counts, including the offense for which he was ultimately convicted.[2] The matter was assigned to Judge Donald J. Hassin and it is his ruling which we review on this appeal.

This case has an unusual procedural history regarding the issue before us. Moslavac's original trial counsel brought a number of motions, but he never challenged the entry and search conducted pursuant to the warrant. Eventually, Moslavac pled guilty to the delivery/manufacturing charge pursuant to a plea agreement, and he was sentenced to a five-year term of imprisonment. With new postconviction counsel, Mos-

---

[2] The complaint also alleged that Moslavac (1) maintained a premises for manufacturing, keeping or delivering a controlled substance pursuant to § 161.42(1), STATS., 1993–94; and (2) failed to possess a dealer's tax stamp pursuant to § 139.95(2), STATS., 1993–94. Pursuant to the plea agreement, the former charge was dismissed and read in for purposes of sentencing and the latter charge was dismissed outright.

lavac raised the search issue for the first time.[3] The State did not object to this procedure, noting that Moslavac's original counsel had likely been ineffective for failing to earlier raise the issue. The parties also stipulated that the Supreme Court's decision in *Richards* applied to this case. Thus, Judge Hassin addressed the issue on the merits.

In the postconviction proceeding, Moslavac argued that the police did not have the requisite degree of suspicion to justify a no-knock entry under the test set out in *Richards*. *See id.* Although the State responded to this argument on the merits, the State also raised a threshold argument in response to the motion. The State argued that the knock-and-announce rule does not apply when the premises searched are unoccupied. Judge Hassin did not directly address this issue. Instead, the judge ruled that the State had satisfied the *Richards* test for a valid no-knock entry. Moslavac challenges this ruling on appeal.

## *DISCUSSION*

On appeal, the State renews its threshold argument that the knock-and-announce rule does not apply when the premises are unoccupied.[4] This argument

---

[3] Originally, Moslavac's postconviction counsel filed a no merit report. However, we dismissed that proceeding when counsel later chose to pursue the no-knock issue in the trial court.

[4] If we reject the State's threshold argument, the State alternatively argues that: (1) Judge Hassin correctly ruled that the no-knock entry was valid under the test set forth in *Richards v. Wisconsin*, 520 U.S. 385 (1997), and *State v. Meyer*, 216 Wis. 2d 729, 734–35, 576 N.W.2d 260, 263–64 (1998); (2) the fruits of the search were not the product of any *Richards* violation which may have occurred, *see United States v. Ramirez*, 523

does not turn on the fact that, in this case, the police had a no-knock search warrant. If the State is correct, it does not matter whether the warrant was a no-knock warrant or a conventional warrant. Nor does it matter that the no-knock provisions of the warrant may fail the Supreme Court's test set out in *Richards*.

We begin our discussion by first considering whether the police have the authority to execute a search warrant against an unoccupied premises. In *Payne v. United States*, 508 F.2d 1391 (5th Cir. 1975), the court held that the police were entitled to forcibly execute a conventional search warrant against an unoccupied premises. The court noted that "[a] home-owner has no right to prevent officers armed with a warrant from entering his [or her] home." *Id.* at 1394. From that premise, the court concluded that the law should not be otherwise when applied to an unoccupied premises. *See id.* We agree. We fail to see why the Fourth Amendment should confer a right to challenge a forcible entry upon an absent occupant when it does not recognize that right to an occupant who was present at the time of the entry and search.[5]

U.S. 65, — n.3, 118 S. Ct. 992, 997 (1998), and *Segura v. United States*, 468 U.S. 796, 815 (1984); and (3) the search was none-theless valid under the good faith exception to the warrant requirement. Since we agree with the State's threshold argu-ment, we need not address these further issues. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559, 562 (Ct. App. 1983).

[5] We acknowledge that in *Payne v. United States*, 508 F.2d 1391, 1394 (5th Cir. 1975), the police did nonetheless announce their presence, even in the face of their knowledge that Payne was absent. But it does not appear that the *Payne* court consid-ered this fact as relevant to the inquiry. Before the court made this observation, it had already held that the forcible entry of the premises did not violate the Fourth Amendment. *See id.*

The *Payne* court also stated a sound public policy in support of its holding:

> A holding that police cannot enter unoccupied premises even with a warrant would greatly hamper their legitimate activities for the occupant could avoid search by merely leaving the premises on approach of the police or could permanently defeat the warrant by staying away from the premises.

*Id.* Again, we agree. Other cases have similarly held that the police may forcibly execute a search warrant when the occupant is absent. *See United States v. Chubbuck*, 32 F.3d 1458, 1460–61 (10th Cir. 1994) (police search of defendant's apartment pursuant to a valid warrant was reasonable even though apartment was unoccupied); *United States v. Gervato*, 474 F.2d 40, 41 (3rd Cir. 1973) (Fourth Amendment does not prohibit per se searches conducted in the occupant's absence); *United States v. Agrusa*, 541 F.2d 690, 697–98 (8th Cir. 1976) ("What authority there is holds that unannounced and forcible entries into vacant premises, even homes, in order to conduct a search, are constitutional in the *absence* of exigent circumstances, provided that the search and seizure is pursuant to warrant and reasonable under the circumstances."); *see also United States v. Daniel*, 667 F.2d 783, 785 (9th Cir. 1982); *Vermont v. Meyer*, 708 A.2d 1343, 1344 (Vt. 1998).

Moreover, in this portion of our opinion we are only discussing whether the police may execute a search warrant when the occupant is absent. In the ensuing discussion we will discuss whether the knock-and-announce rule is required in such a setting.

■

We adopt this law. We hold that the police have the authority under the auspices of a valid search warrant to forcibly execute the warrant when the premises are unoccupied provided that the search is otherwise reasonable under the circumstances.[6]

With that holding in place, we next consider whether the police must nonetheless knock and announce prior to executing a search warrant against an unoccupied premises. We start with the presumption that the rule of announcement applies because it is an essential component of the reasonableness inquiry under the Fourth Amendment. *See Wilson v. Arkansas,* 514 U.S. 927, 929 (1995). However, after considering the purposes served by the announcement, this presumption withers when the premises subject to the search are unoccupied.

■

The knock-and-announce rule serves three purposes: (1) protection of the safety of the police officers and others; (2) protection of the limited privacy interests of the occupants of the premises to be searched; and (3) prevention of the physical destruction of property. *See State v. Meyer,* 216 Wis. 2d 729, 734 n.4, 576 N.W.2d 260, 263 (1998). The first two purposes are clearly not served when the premises are unoccupied.

The third purpose—preventing the destruction of physical property—is a relevant consideration because a forcible entry will most often result in the destruction of property. But that result would occur even where the police knock and announce and the premises prove to

---

[6] Other than his challenge to the no-knock provisions of the warrant, Moslavac makes no other claim that the search warrant was otherwise defective or that the search was otherwise unreasonable.

be unoccupied. As we have already explained, the police are entitled to forcibly execute a search warrant when the premises prove to be unoccupied. Therefore, this third consideration does not prompt us to hold that the knock-and-announce requirement is an essential component of a valid search under the Fourth Amendment.

Although not a knock and announce case, *Payne* aptly observes, "It is futile to require the police to wait for refusal of admittance to a dwelling when no one is home." *Payne*, 508 F.2d at 1394. A noted commentator agrees: "Even as to dwellings, it is of no consequence that the police failed to announce their authority and purpose prior to entry if no one was present therein at the time." 2 WAYNE R. LAFAVE, SEARCH AND SEIZURE § 4.8(b), at 605 (3d ed. 1996). And other courts have similarly held that the knock-and-announce requirement has no application when the subject premises are unoccupied. *See South Dakota v. Iverson*, 364 N.W.2d 518, 527 (S.D. 1985) ("It would be an empty gesture for [the police] to attempt to give notice of their authority and purpose when there is no one present to be affected adversely by the only harm the statute is intended to prevent."); *see also United States v. La Monte*, 455 F. Supp. 952, 966–67 (E.D. Pa. 1978).

We adopt this law. The police are not required to knock and announce prior to executing a search warrant against unoccupied premises.[7]

---

[7] Of course, the police will operate at their peril if they do not knock and announce and the premises prove to be occupied by one with standing to challenge the entry and search. In such a situation, the evidence is subject to suppression absent other exceptions to the suppression rule.

## CONCLUSION

■ On these different grounds, we affirm the trial court's postconviction order denying Moslavac's motion for suppression of the evidence seized as a result of the no-knock entry. Therefore, we also affirm the judgment of conviction.

*By the Court.*—Judgment and order affirmed.