THE STATE OF OHIO, APPELLEE, *v.* WILSON, APPELLANT.

(No. 4440—Decided October 30, 1974.)

Mr. Lee C. Falke, prosecuting attorney, and Mr. Randal A. Anderson, Jr., for appellee.
Mr. James P. Jones, for appellant.

CRAWFORD, P. J. Defendant appeals from his conviction by a county district judge, sitting without a jury, for the unlawful possession of an hallucinogen (lysergic acid diethylamide—LSD) in violation of R. C. 3719.41.

Defendant, together with five other persons, occupied a dwelling just outside the city of Dayton, in Mad River

Township. On July 1, 1973, at 1 a. m., the arresting officers, armed with a search warrant and finding no one at home, entered the premises through a garage window. They found LSD in a closet in a rear bedroom. Defendant and others appeared later, were informed of the circumstances of the search, and were arrested. Defendant was charged by affidavit. A motion to suppress the evidence was denied.

The state produced evidence that defendant stated to the officers that he occupied the particular bedroom in question. The state also produced evidence that some of defendant's personal possessions were found in the bedroom, such as his clothing, and that his photograph and a check stub to ''R. Wilson'' were found in a drawer of the dresser in the bedroom. The officers testified that defendant took a pipe from his pocket and handed it to one of the officers. At the trial, defendant admitted renting the premises, but denied saying that he occupied the particular bedroom; he said the pipe in question was not taken from his pocket, but handed to the officer because it was lying on the table and they would have picked it up anyway. ·

Defendant's first argument is that it was error to overrule his motion to suppress the evidence taken in the search. This argument involves several phases. Defendant claims the invalidity of the search warrant and the affidavit in support thereof, and the failure of the officers to make a proper demand before entering the premises.

The affidavit for the search warrant was made by the chief of police of Mad River Township, and it stated that he had been informed by police detectives of the city of Dayton (who had first believed the dwelling was inside the city limits) that they had been conducting an investigation of the premises; that two informers theretofore found to be reliable, who had previously submitted information resulting in a conviction for drug and marijuana violations, had told them of a recent marijuana party at 1310 Woodman Drive, the premises in question, and the presence there of syringes and needles for the injection of heroin, and of the growing of marijuana there; that they had recently had the house under surveillance; that in one

two hour period some five persons entered and did not leave, while eight others entered and left in a short time; that in another period of one and a half hours twelve or fifteen in-dividuals entered and soon left again; and that two of the residents were selling such contraband both to minors and to adults.

This affidavit appears quite adequate to supply reasonable cause to justify the issuance of the search warrant by a Common Pleas Court judge. It supplies those important elements found to be missing by the Supreme Court in *State* v. *Haynes* (1971), 25 Ohio St. 2d 264, which was cited in the briefs.

Defendant contends that even if the search warrant were lawful, the officers' entrance was unlawful because they were not refused admittance after giving notice of their intention to make such search or arrest as required by R. C. 2935.12.

When the officers arrived at the dwelling, no one was at home to refuse them admittance. They cannot be thwarted by such a circumstance. It was impossible to obtain consent when no one was present to give it.

"The provision [in R. C. 2935.12] for parley presupposes someone to parley with. If there is no response to a knock on the door, it would be unreasonable to expect the officer to search out someone to parley with." Schneider, Ohio Criminal Code, Section 13.2, note 11.

The officers did make a proper announcement and give the proper notice as soon as the occupants returned.

Another phase of the first argument is an attack upon the legality of the arrest because it is contended that the misdemeanor (first offense under R. C. 3719.41 and R. C. 3719.-99 (N)) was not committed in the presence of the arresting officer as required by R. C. 2935.03.

Defendant cites the cases of *City of Cincinnati* v. *O'Neal* (1965), 3 Ohio App. 2d 139, and *State* v. *Hooper* (1966), 10 Ohio App. 2d 229. Counsel for the state, the appellee herein, pertinently observes that these were cases of active misdemeanors quickly performed and completed—namely, driving while intoxicated, and drag racing, respec-

tively—and if the arresting officer does not see these offenses committed he cannot testify to the fact.

Here, however, the charge is possession, which is a continuing offense, and, what is perhaps more important, the arresting officer did observe the contraband in a place over which the defendant had control, so that the statute was in fact complied with.

Defendant also asserts that his motion for a new trial should have been sustained or he should have been found not guilty because of insufficiency of the evidence. The state's evidence was adequate, if believed and accepted by the court as true, which obviously it was. The fact that defendent presented some conflicting evidence challenges, but does not destroy, the state's evidence; it poses the question of whom the court shall believe. In this instance, the court chose to believe the state's evidence, which is sufficient to support the finding of guilty.

No error prejudicial to the defendant appearing in the record, the judgment will be affirmed.

*Judgment affirmed.*

KERNS and SHERER, JJ., concur.