Argued October 19, affirmed December 26, 1978, reconsideration denied January 30, Supreme Court review allowed April 24, 1979

STATE OF OREGON, *Respondent,*
*v.*
DONALD EUGENE BISHOP, *Appellant.*
(No. C77-08-12166, CA 10219)
587 P2d 1057

B. David Thomas, Certified Law Student, Salem, argued the cause for appellant. With him on the brief were Gary D. Babcock, Public Defender, and J. Marvin Kuhn, Deputy Public Defender, Salem.

Melinda L. Bruce, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

PER CURIAM.

Affirmed. *State v. Olson,* 34 Or App 511, 579 P2d 277, *rev allowed* (1978); *Wong Sun v. United States,* 371 US 471, 83 S Ct 407, 9 L Ed 2d 441 (1963).

Buttler, J., specially concurring opinion.

**BUTTLER, J.,** specially concurring.

I join in affirming the trial court's denying defendant's motion to suppress, but only because I conclude from the record that defendant's wife, when she opened the door of the house and was confronted by two uniformed police officers and one plain clothes officer who showed his badge, knew that the police, when they asked if defendant was there, wanted to arrest defendant. For that reason she falsely stated he was not in the house. On these facts, the police could be "virtually certain" that defendant's wife knew their purpose, bringing the case within the exception to the constitutional knock and announce rule enunciated in *Miller v. United States,* 357 US 301, 310, 78 S Ct 1190, 2 L Ed 2d 1332 (1958). I would interpret the Oregon knock and announce statute (ORS 133.235(5) and (6)) the same way, but apply any exception narrowly.