STATE OF NEBRASKA, APPELLEE, V. GARY A. VRTISKA, APPELLANT.

406 N.W.2d 114

Filed May 22, 1987.    No. 86-752.

James R. Mowbray of Mowbray, Chapin & Walker, P.C., for appellant.

Robert M. Spire, Attorney General, and Laura L. Freppel, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

Gary A. Vrtiska appeals his conviction in a jury trial for possession of a short shotgun in violation of Neb. Rev. Stat. § 28-1203(1) (Reissue 1985). We affirm.

## THE WARRANT AND SEARCH

The application and affidavit for the search warrant for Vrtiska's residence, as well as the search warrant itself, was introduced as evidence at the hearing on Vrtiska's motion to suppress evidence. According to those documents, law enforcement personnel had reliable information that Vrtiska was growing marijuana in the basement of his dwelling, where Vrtiska also had a stolen machine gun. The county court issued a warrant to search Vrtiska's residence and seize "Growing Marijuana Plants and a fully automatic machine gun described as a 'Thompson' machine gun," if found on the premises searched.

Pursuant to the search warrant, the sheriff, two deputy sheriffs, and two investigators from the Nebraska State Patrol went to Vrtiska's residence. The sheriff, who was the first to arrive, had the search warrant, found the front door locked, and entered the house through a dining room window. Nothing discloses whether the window was open or entry was gained by application of force to the window. The sheriff then unlocked the house's front door, through which the other officers entered the dwelling.

After entering, the officers first confirmed their belief that the premises were unoccupied and then commenced a search for marijuana plants in the basement, where officers found a marijuana plant "stem that looked like it had been chopped off." Although there were no plants growing in the basement, the officers found a fan, electric lights, loose dirt, a watering apparatus, aluminum foil, and a thermometer, which were items used in a "marijuana-cultivating operation." Officers photographed the area for marijuana production in the basement and returned upstairs to continue their search for the machine gun mentioned in the search warrant. In the course of the upstairs search, the officers came across some "explosive material," a plastic pipe with a fuse in it, and continued their search for the machine gun.

During their search, and at various times in different parts of the house, the officers found the machine gun, which consisted of three components—a barrel and receiver group, a loaded drum-magazine, and a butt stock.

On top of a buffet in the dining room, the officers found the loaded magazine for the machine gun. Believing that the other parts for the weapon were in the vicinity, the officers continued their search. Beneath a television set in the living room, one officer found the barrel and receiver group for the machine gun. The sheriff, still searching in the dining room, opened a door in the buffet and discovered a sawed-off shotgun, which had an 11¼-inch barrel. Later, officers found the butt stock near a footlocker in the living room.

The State filed three complaints against Vrtiska. The first complaint charged Vrtiska with possession of a short shotgun, which is defined in Neb. Rev. Stat. § 28-1201(6) (Reissue 1985) as "a shotgun having a barrel or barrels less than eighteen inches long or an overall length of less than twenty-six inches." The second complaint charged Vrtiska with possession of explosive materials in violation of Neb. Rev. Stat. § 28-1215 (Reissue 1985), while the third charged that Vrtiska had received stolen property in violation of Neb. Rev. Stat. § 28-517 (Reissue 1985). After a preliminary hearing, Vrtiska was bound over to district court on all three charges filed in separate informations, to which Vrtiska entered his not guilty plea.

## MOTION TO SUPPRESS

In district court, Vrtiska, as authorized by Neb. Rev. Stat. § 29-822 (Reissue 1985), filed a motion to suppress all physical evidence obtained under the search warrant for his residence and alleged that such search violated his rights "under the applicable provisions of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution." At the hearing on Vrtiska's motion to suppress, evidence was adduced, as previously set forth in this opinion. The court overruled Vrtiska's motion.

## CONSOLIDATION OF TRIALS

At the State's request and pursuant to Neb. Rev. Stat. § 29-2002(3) (Reissue 1985), the court ordered that the three informations against Vrtiska be tried together. After the State rested its case, Vrtiska asked for dismissal of each information, contending that the State had failed to prove a prima facie case for the three charges. The court dismissed the informations

which charged Vrtiska with receiving stolen property and possessing explosive materials, but overruled Vrtiska's motion concerning the charge of possessing a short shotgun. After the jury found Vrtiska guilty of possessing a short shotgun, the court sentenced Vrtiska to imprisonment for a term of 3 years.

## ASSIGNMENTS OF ERROR

Vrtiska contends that the district court erred in failing to suppress evidence obtained at Vrtiska's residence and in consolidating the trials on the three informations.

## SUPPRESSION OF EVIDENCE

Vrtiska argues that the search of his residence violated statutory and constitutional safeguards concerning search of a dwelling.

Vrtiska refers to the "notice" requirement contained in Neb. Rev. Stat. § 29-411 (Reissue 1985) pertaining to execution of a search warrant, which statute in part provides:

> In executing a warrant for the arrest of a person charged with an offense, or a search warrant, or when authorized to make an arrest for a felony without a warrant, the officer may break open any outer or inner door or window of a dwelling house or other building, if, after notice of his office and purpose, he is refused admittance; or without giving notice of his authority and purpose, if the judge or magistrate issuing a search warrant has inserted a direction therein that the officer executing it shall not be required to give such notice . . . .

In this case, the warrant did not contain a direction that notice was not required.

Section 29-822, the statute authorizing a motion to suppress evidence, in part provides: "Any person aggrieved by an unlawful search and seizure may move for return of the property so seized and to suppress its use as evidence."

There is no evidence that the officers knocked and announced their authority and purpose before entry into the house, and, Vrtiska argues, such noncompliance with § 29-411 negates valid execution of the search warrant, requiring suppression of evidence obtained at Vrtiska's residence.

As we recently noted in *State v. Lafler, ante* p. 362, 405 N.W.2d 576 (1987), the constitutional right to a speedy trial,

guaranteed by Neb. Const. art. I, § 11, and U.S. Const. amends. VI and XIV, is distinct from the provision for a speedy trial prescribed by the Nebraska speedy trial act, Neb. Rev. Stat. §§ 29-1207 to 29-1209 (Reissue 1985). As pointed out in *Lafler,* protection in the form of a statutory right may not necessarily be coextensive with the protection afforded under a constitution, state or federal, notwithstanding that such statutory and constitutional provisions may, generally, relate to the same subject.

Vrtiska's motion to suppress did not claim any relief (suppression) based on § 29-411 and raised no question in the trial court concerning the statutory notice requirement in conjunction with execution of a search warrant. As we stated in *Holden v. Urban,* 224 Neb. 472, 474, 398 N.W.2d 699, 701 (1987):

> In the absence of plain error, where an issue is raised for the first time in the Supreme Court, such issue will be disregarded inasmuch as the court whose judgment is being reviewed cannot commit error regarding an issue never presented and submitted for disposition. *Haeffner v. State,* 220 Neb. 560, 371 N.W.2d 658 (1985).

Consequently, because Vrtiska's motion to suppress did not refer to § 29-411, we do not consider any statutory aspect of § 29-411 applied to the present case. We do, however, consider Vrtiska's claim that the questioned evidence was the result of an unreasonable search of his dwelling, contrary to the safeguards of the fourth amendment to the U.S. Constitution and, therefore, inadmissible.

> In determining the correctness of a trial court's ruling on a motion to suppress, the Supreme Court will uphold the trial court's findings of fact unless those findings are clearly erroneous. . . . "In determining whether a trial court's findings on a motion to suppress are clearly erroneous, the Supreme Court recognizes the trial court as the 'trier of fact' and takes into consideration that the trial court has observed witnesses testifying regarding such motion to suppress."

(Citations omitted.) *State v. Copple,* 224 Neb. 672, 689-90, 401 N.W.2d 141, 154 (1987). See, also, *State v. Dixon,* 222 Neb.

787, 387 N.W.2d 682 (1986).

Vrtiska does not challenge the validity of the search warrant. Rather, Vrtiska argues that the search and seizure of evidence under the warrant was unreasonable and, therefore, a violation of the fourth amendment to the U.S. Constitution. "[A]s a general rule, searches and seizures inside a home without a warrant are presumptively unreasonable and in violation of an individual's rights guaranteed under the fourth amendment to the U.S. Constitution." *State v. Hinchey*, 220 Neb. 825, 828, 374 N.W.2d 14, 17 (1985). See, also, *Payton v. New York*, 445 U.S. 573, 100 S. Ct. 1371, 63 L. Ed. 2d 639 (1980). Generally, seizure of property is permissible under a validly authorized search warrant, under exigent circumstances, or under some other recognized exception to the warrant requirement. *State v. Holman*, 221 Neb. 730, 380 N.W.2d 304 (1986). See, also, *State v. Skolnik*, 218 Neb. 667, 358 N.W.2d 497 (1984). We stated in *State v. Bartlett*, 199 Neb. 471, 474, 259 N.W.2d 917, 920 (1977), that "[a] search pursuant to a warrant is presumed to be valid." See, also, *State v. Ware*, 219 Neb. 594, 365 N.W.2d 418 (1985); *State v. Slaughter*, 252 Ga. 435, 315 S.E.2d 865 (1984).

## BURDEN OF PROOF

In *State v. Hogan*, 194 Neb. 207, 211-12, 231 N.W.2d 135, 139 (1975), we stated: "[A] defendant who seeks to suppress evidence obtained under a legally issued search warrant has the burden of establishing that the search was improper, and that the evidence secured thereby should be suppressed." See, also, *State v. Sims*, 216 Neb. 569, 344 N.W.2d 645 (1984); *State v. Whitmore, White, and Henderson*, 215 Neb. 560, 340 N.W.2d 134 (1983).

> [I]t is first necessary to recall that the term "burden of proof" actually encompasses two separate burdens. One burden is that of producing evidence, sometimes called the "burden of evidence" or the "burden of going forward." If the party who has the burden of producing evidence does not meet that burden, the consequence is an adverse ruling on the matter at issue. The other burden is the burden of persuasion, which becomes crucial only if the parties have sustained their respective burdens of producing evidence and only when all the evidence has

been introduced.

4 W. LaFave, Search and Seizure § 11.2(b) at 217 (2d ed. 1987).

Regarding a motion to suppress, the initial burden of proof (burden of going forward) is on the movant to establish a prima facie case of an unconstitutional search and seizure, and when such prima facie case has been established, the burden of proof (burden of going forward) shifts to the State to establish that the search and seizure were constitutionally permissible. See, *United States v. Murrie*, 534 F.2d 695 (6th Cir. 1976); *United States v. Wright*, 468 F.2d 1184 (6th Cir. 1972); *Hogan v. State of Nebraska*, 402 F. Supp. 812 (D.C. Neb. 1975); *United States v. McDonnell*, 315 F. Supp. 152 (D.C. Neb. 1970); *People v. Hattery*, 109 Ill. 2d 449, 488 N.E.2d 513 (1985); *State v. Hamilton*, 335 N.W.2d 154 (Iowa 1983); *Malcolm v. United States*, 332 A.2d 917 (D.C. 1975).

Thus, the burden of proof depends on the basis for the search, that is, whether the search was conducted pursuant to a warrant or without a warrant. If police have acted pursuant to a search warrant, the defendant bears the burden of proof that the search or seizure is unreasonable; but if police acted without a search warrant, the State has the burden of proof that the search was conducted under circumstances substantiating the reasonableness of such search or seizure. See, *United States v. Longmire*, 761 F.2d 411 (7th Cir. 1985); 4 W. LaFave, *supra.* Because validity or legality of the warrant in this case is undisputed, Vrtiska had the burden to establish that the search of his dwelling was invalid or illegal, namely, unreasonable and, therefore, contrary to the safeguard of the fourth amendment to the U.S. Constitution.

## WHETHER THE SEARCH WAS UNREASONABLE

Whether the window of Vrtiska's dwelling was open or the sheriff applied force to gain entry through that window, there was an intrusion into Vrtiska's dwelling, an entry which is subject to the safeguard of the fourth amendment to the U.S. Constitution. Entry through a window is a rather uncommon or unusual entry into a dwelling. Cf. *Sabbath v. United States*, 391 U.S. 585, 88 S. Ct. 1755, 20 L. Ed. 2d 828 (1968), where the U.S. Supreme Court, construing 18 U.S.C. § 3109 (1964) (federal counterpart of § 29-411), held that a nonconsensual

intrusion includes entry by a passkey, forcing open a chain lock on a partially open door, opening a locked door, or opening a closed but unlocked door. Nevertheless, in Vrtiska's case the question to be resolved is whether entry by officers and consequent search of the dwelling are unreasonable under the fourth amendment to the U.S. Constitution.

A question involving a "no knock," or unannounced, entry into a dwelling was presented to the U.S. Supreme Court in *Ker v. California*, 374 U.S. 23, 83 S. Ct. 1623, 10 L. Ed. 2d 726 (1963). In *Ker*, California police officers, without a warrant, came to Ker's apartment. Believing Ker was inside his apartment and about to destroy contraband, officers obtained a passkey, and, without announcing themselves or their purpose, entered the apartment, arrested Ker, and later discovered marijuana on the premises. California had a statute permitting an entry by officers "after having demanded admittance and explained the purpose for which admittance is desired." 374 U.S. at 37 n.8. In *Ker*, the plurality of the Court noted that California law, which determined legality of Ker's arrest, allowed unannounced forcible intrusions in exigent circumstances, and then concluded:

> Here justification for the officers' failure to give notice is uniquely present. In addition to the officers' belief that Ker was in possession of narcotics, which could be quickly and easily destroyed, Ker's furtive conduct in eluding them shortly before the arrest was ground for the belief that he might well have been expecting the police. We therefore hold that in the particular circumstances of this case the officers' method of entry, sanctioned by the law of California, was not unreasonable under the standards of the Fourth Amendment as applied to the States through the Fourteenth Amendment.

374 U.S. at 40-41.

The dissent in *Ker* took the position that an unannounced intrusion into a dwelling may violate the fourth amendment to the U.S. Constitution, and, under the circumstances present in *Ker*: "The protections of individual freedom carried into the Fourth Amendment . . . undoubtedly included this firmly established requirement of an announcement by police officers

of purpose and authority before breaking into an individual's home." *Id.* at 49.

Later, in *Sabbath v. United States, supra,* the U.S. Supreme Court, referring to the dissent in *Ker, supra,* stated: "Exceptions to any possible constitutional rule relating to announcement and entry have been recognized [in] *Ker v. California . . . .*" 391 U.S. at 591 n.8.

As we view *Ker v. California, supra,* the U.S. Supreme Court did not rule that the fourth amendment requires that police officers knock, announce their purpose, and be refused admittance before making a nonconsensual entry into a dwelling to execute a warrant. That constitutional question is still undecided, at least as indicated by *Sabbath v. United States, supra,* where the Court acknowledged exceptions to "any possible constitutional rule." 391 U.S. at 591 n.8. See 2 W. LaFave, Search and Seizure § 4.8(a) (2d ed. 1987).

Some jurisdictions have interpreted *Ker v. California, supra,* to require that officers announce themselves to an occupant of the premises and state the purpose for entry in order that a nonconsensual entry into a dwelling may be reasonable under the fourth amendment. See, *United States v. Francis,* 646 F.2d 251 (6th Cir. 1981); *State v. Valentine/Darroch,* 264 Or. 54, 504 P.2d 84 (1972). Still other jurisdictions have determined that an officer's nonconsensual entry into unoccupied premises, including a dwelling, to execute a search warrant does not violate the fourth amendment to the U.S. Constitution. *United States v. Agrusa,* 541 F.2d 690 (8th Cir. 1976); *Payne v. United States,* 508 F.2d 1391 (5th Cir. 1975); *United States v. Gervato,* 474 F.2d 40 (3d Cir. 1973).

Perhaps the U.S. Supreme Court will consider whether the fourth amendment includes a "notice" requirement, that is, announcement of office and purpose before police enter a dwelling for execution of a warrant and determine whether notice is constitutionally worthwhile to decrease potential violence associated with such entry; protect privacy associated with the premises or its occupant(s); and prevent destruction of property. See 2 W. LaFave, *supra.* As observed by Justice Brennan, dissenting in *Ker v. California,* 374 U.S. 23, 57, 83 S. Ct. 1623, 10 L. Ed. 2d 726 (1963), a constitutional requirement

of announcement is justified under the fourth amendment to the U.S. Constitution in order to avoid mistaken identity by police officers executing a warrant, inflicting trauma on anyone within a dwelling ("shock, fright or embarrassment attendant upon an unannounced police intrusion"), and minimization of hazards to police in their dangerous calling of executing a warrant.

Under the circumstances, we believe, and, therefore, hold, that a nonconsensual and unannounced entry by a police officer for execution of a search warrant within an unoccupied dwelling is not, by itself and necessarily, an unreasonable intrusion prohibited by the fourth amendment to the U.S. Constitution. Therefore, the entry and consequent search of Vrtiska's residence was not unreasonable.

### CLAIM OF GENERAL EXPLORATORY SEARCH

As a part of his claim that the search was unreasonable, Vrtiska contends the officers conducted a general search of his dwelling.

In *State v. Traxler*, 210 Neb. 435, 438, 315 N.W.2d 440, 441 (1982), we stated: "A general search for evidence of any crime is prohibited by the fourth amendment to the U.S. Constitution and article I, § 7, of the Constitution of Nebraska, both of which provide that probable cause be shown before the search may occur." As stated in *State v. Waits*, 185 Neb. 780, 786-87, 178 N.W.2d 774, 779 (1970):

"The search much [sic] be one directed in good faith toward the objects specified in the warrant or for other means and instrumentalities by which the crime charged had been committed. It must not be a general exploratory search through which the officers merely hope to discover evidence of wrongdoing."

See, also, *State v. Traxler, supra*. However, when officers, in the course of a bona fide effort to execute a valid search warrant, discover articles which, although not included in the warrant, are reasonably identifiable as contraband, the officers may seize such articles whether those items are initially in plain sight or come into plain sight subsequently as a result of the officers' efforts. See *State v. Traxler, supra*.

The sequence of events, according to evidence from the

officers, included discovery of the contraband shotgun during the course of a search authorized by a warrant. Such contraband was discovered while officers were acting within the scope of their authority under the search warrant and was not discovered after cessation of authority by completion of the search authorized.

Vrtiska has failed to meet the burden of proof to establish that the search and seizure on his premises were unreasonable and, therefore, unconstitutional, in violation of Vrtiska's rights under the fourth amendment to the U.S. Constitution. The district court had a factual basis to conclude that the entry and search of Vrtiska's dwelling were reasonable. The findings by the district court are not clearly erroneous and are affirmed.

## CONSOLIDATION OF TRIALS

Section 29-2002(3) states in part: "The court may order two or more indictments, informations, or complaints, or any combination thereof, to be tried together if the offense . . . could have been joined in a single indictment, information or complaint." If the offenses charged are of the same or similar character, or are based on the same act or transaction, the offenses may be joined in one trial. See, *State v. McGuire*, 218 Neb. 511, 357 N.W.2d 192 (1984); *State v. Cole*, 218 Neb. 1, 352 N.W.2d 154 (1984); *State v. Rodgers*, 186 Neb. 633, 185 N.W.2d 448 (1971). A trial court's ruling on a motion for consolidation of prosecutions properly joinable will not be disturbed in the absence of an abuse of discretion. See *State v. Anderson and Hochstein*, 207 Neb. 51, 296 N.W.2d 440 (1980). See, also, *State v. McGuire, supra; State v. Shiller*, 191 Neb. 291, 214 N.W.2d 616 (1974).

"A judicial abuse of discretion does not denote or imply improper motive, bad faith, or intentional wrong by a judge, but requires the reasons or rulings of a trial judge to be clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition through a judicial system."

(Citation omitted.) *Newton v. Brown*, 222 Neb. 605, 617-18, 386 N.W.2d 424, 432 (1986).

Vrtiska neither points out an abuse of discretion by the trial court nor shows any prejudice resulting from consolidation of

trials on the three informations against him. Also, on review of the record, we find no "miscarriage of justice" from any alleged error in consolidating the trials. See Neb. Rev. Stat. § 29-2308 (Reissue 1985). Vrtiska's allegation of error in consolidating his trials is without merit.

AFFIRMED.