STATE of Utah, Plaintiff and
Respondent,

v.

Danny Duane BUCK, Defendant
and Appellant.

No. 19772.

Supreme Court of Utah.

June 6, 1988.

Ginger L. Fletcher, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Sandra L. Sjogren, Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

Danny Duane Buck was convicted of two counts of possession of a controlled substance with intent to distribute for value in violation of Utah Code Ann. § 58–37–8(1)(a)(ii) (1986). On appeal, he argues that the trial court erred in admitting incriminating evidence seized in his home pursuant to a search warrant. The sole issue on appeal is whether the trial court erred in not suppressing evidence seized in defendant's home after a no-knock entry pursuant to a search warrant that did not authorize a no-knock entry.

Officer Steven Brown was informed by a confidential informant that the informant had purchased marijuana and amphetamines from defendant. The informant had observed approximately a half pound of marijuana and a large quantity of amphetamines in defendant's residence. Officer Brown went to the Salt Lake County Attorney's office to request a warrant to search defendant's residence. Richard McKelvie, a deputy county attorney, prepared a search warrant and a search warrant affidavit and informed Officer Brown that he would request a "no-knock" warrant. McKelvie included that request in the section of the affidavit form reserved for no-knock search warrants. However, the search warrant that was prepared for a magistrate's signature did not authorize a no-knock entry.[1]

---

1. The following is the critical wording in the warrant:
    You are therefore commanded:
    (X) in the day time
    ( ) at any time day or night (good cause having been shown)
    ( ) to execute without notice of authority or purpose, (proof under oath being shown that

After the documents were prepared, Officer Brown perused them, paying particular attention to the description of the goods to be seized and to the address of the premises to be searched. However, he "glossed over" the other provisions and failed to notice the request in the affidavit for a "no-knock" warrant. He then presented the proposed search warrant and affidavit to Judge Eleanor Lewis and swore to the facts alleged in the affidavit. Judge Lewis signed the warrant as presented, without no-knock authority. Officer Brown testified, however, that he believed the warrant gave him authority to execute a no-knock entry at defendant's residence.

Thereafter, Officer Brown led a team of approximately ten officers to defendant's residence. They surrounded the house and forcibly broke into the residence through both the front and back doors without knocking or announcing their authority. The residence was unoccupied at the time the officers entered it. Ten to fifteen minutes after the search started, defendant returned. He was arrested and apprised of the search, which uncovered approximately one and one-quarter pounds of marijuana, approximately 800 amphetamines, and scales commonly used by drug dealers.

The only issues raised at trial were procedural challenges to the admissibility of the contraband. The trial judge found that Officer Brown executed the warrant believing it to be a no-knock warrant and that the execution of the warrant did not violate Buck's constitutional rights, and therefore, the court refused to suppress the evidence subsequently obtained. On appeal, Buck asserts that the trial court erred in not suppressing evidence seized during the search of his residence because the search was made without no-knock authority as required by both constitutional and statutory provisions. He argues that the only adequate remedy for such a violation is suppression of the evidence.

Both sides agree that Buck was not at home and that the residence was unoccupied when officers executed the warrant.

When executing a search warrant, an officer must ordinarily give notice of his authority and purpose before entering the premises to be searched. The knock-and-announce rule has been traced to the decision in *Semayne's Case*, 5 Coke 91, 77 Eng.Rep. 194 (K.B.1603). In that case, the court stated:

> In all cases when the King is a party, the sheriff (if the doors not be open) may break the party's house, either to arrest him, or to do execution of the King's process, if otherwise he cannot enter. But before he breaks it, he ought to signify the cause of his coming, and to make request to open the doors.

*See generally* 2 W. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 4.8(a)(2d ed. 1987) (hereinafter *LaFave*).

The basic interests that support the knock-and-announce requirement are (1) the protection of an individual's private activities within his home, (2) the prevention of violence and physical injury to both police and occupants which may result from an unannounced police entry, and (3) the prevention of property damage resulting from forced entry. *See Payne v. United States*, 508 F.2d 1391, 1393–94 (5th Cir. 1975); *State v. Farber*, 314 N.W.2d 365, 369 (Iowa 1982); *State v. Iverson*, 364 N.W.2d 518, 526 (S.D.1985). If no one is present to admit the officers executing a warrant, two of the three interests are not implicated. Execution of a warrant does not invade the privacy of a person who is not home except to the extent it would have been invaded anyway and no one is endangered by an unannounced police intrusion. Only the third interest, the prevention of property damage, which usually is the least significant interest of the three, is concerned when the premises are unoccupied. Thus, the interests protected by the knock-and-announce requirement do not

the object of this search may be quickly destroyed or disposed of or that harm may result to any person if notice were given)

to make a search of the above-named or described person(s), vehicle(s), and premises....

preclude the unannounced entry into an unoccupied residence by officers armed with a warrant. Furthermore, it would be unreasonable to allow officers to conduct a search only when there is an occupant on the premises. Such a rule would frustrate legitimate police activities and allow suspects to avoid a search by quickly absenting themselves from the premises.

■ Buck argues that the officers' conduct in executing the warrant impliedly violated Utah Code Ann. § 77–23–10(2) (1982). Section 77–23–10 states:

Force used in executing warrant—Notice of authority prerequisite, when. When a search warrant has been issued authorizing entry into any building, room, conveyance, compartment or other enclosure, the officer executing the warrant may use such force as is reasonably necessary to enter:

(1) If, after notice of his authority and purpose, there is no response or he is not admitted with reasonable promptness; or

(2) Without notice of his authority and purpose, if the magistrate issuing the warrant directs in the warrant that the officer need not give notice. The magistrate shall so direct only upon proof, under oath, that the object of the search may be quickly destroyed, disposed of, or secreted, or that physical harm may result to any person if notice were given.

Knock–and–announce statutes have been construed either to be inapplicable, *Payne v. United States*, 508 F.2d at 1393; *United States v. Gervato*, 474 F.2d 40, 44 (3d Cir. 1973), or to allow a forced entrance, when a residence is unoccupied:

Should it become necessary, as where he is refused admittance after proper demand or announcement, the executing officer may break and enter the premises and seize the property; but the provision of a statute that officers executing a search warrant may break doors or windows, if after notice of their authority they are refused admission, does not prevent officers executing a warrant from forcing an entrance into a house without notice, and without first demanding admittance, where the house is at the time unoccupied.

79 C.J.S. *Searches and Seizures* § 83, at 906 (1952) (footnotes omitted).

In interpreting a statutory provision similar to the Utah provision, the South Dakota Supreme Court stated: "It would be an empty gesture for [police] to attempt to give notice of their authority and purpose when there is no one present to be affected adversely by the only harm the statute is intended to prevent." *Iverson*, 364 N.W.2d at 527. *See also Payne*, 508 F.2d at 1394 ("Logically, therefore, [the federal provisions requiring announcement and refusal are] applicable to cases where someone is present at the time the agents knock and announce their authority and purpose."); *Farber*, 314 N.W.2d at 369 ("[I]t does not matter which sentence of [the state knock-and-announce statute] is applicable when the occupant is only temporarily absent. Neither sentence bars entry in that situation."); 2 *LaFave* § 4.8(b), at 277 ("Even as to dwellings, it is of no consequence that the police failed to announce their authority and purpose prior to entry if no one was present therein at the time.").

We conclude that § 77–23–10 contemplated that, absent no-knock authority or exigent circumstances, an officer should knock and announce his authority even if no one is on the premises. That is so because an officer may not know whether anyone is present until he knocks, and the Legislature can hardly be thought to have assumed that the knock-and-announce requirement should only apply when an officer is correct in thinking that someone is on the premises but should not apply when he incorrectly thinks no one is on the premises. Nevertheless, suppression of the evidence is not justified when an unauthorized no-knock entry is made when no one is home.

Whether knock-and-announce statutes are deemed to be applicable or inapplicable when no one is available to respond to an officer's knock and demand, it is uniformly held that evidence is not suppressible when an officer executes a search without knocking and announcing his authority when no

one is present who can respond to an officer's demand, even though the warrant does not grant no-knock authority. *See Payne v. United States*, 508 F.2d 1391; *United States v. Gervato*, 474 F.2d 40; *Diamond v. State*, 363 So.2d 109 (Ala. Crim.App.1978); *State v. Farber*, 314 N.W. 2d 365; *State v. Gutierrez*, 91 N.M. 542, 577 P.2d 440 (N.M.Ct.App.1978), *overruled on other grounds, State v. Cervantes*, 92 N.M. 643, 593 P.2d 478 (N.M.Ct.App.1979); *State v. Wilson*, 41 Ohio App.2d 240, 325 N.E.2d 249 (1974); *State v. Iverson*, 364 N.W.2d 518. *See generally* 2 LaFave, § 4.7(c).

■ Buck also asserts that the no-knock execution of the search warrant violated his Fourth Amendment rights against unreasonable searches and seizures and for that reason the evidence seized should have been suppressed. In *Payne*, the court held that forced entry of unoccupied premises to conduct a search pursuant to a search warrant not giving no-knock authority is not a per se violation of the Fourth Amendment. 508 F.2d at 1394. *Accord, Diamond*, 363 So.2d at 112; *State v. Vrtiska*, 225 Neb. 454, 463, 406 N.W.2d 114, 121 (1987); *see also Iverson*, 364 N.W.2d at 527. *See generally Dalia v. United States*, 441 U.S. 238, 99 S.Ct. 1682, 60 L.Ed.2d 177 (1979); *Ker v. California*, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963). We believe that this conclusion is well founded.

The reasonableness of a search depends on the facts of the case. *Lewis v. United States*, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed. 2d 312 (1966). We have previously stated, "[I]t is the degree of privacy which defendant enjoyed in the place involved that is the important factor in determining the reasonableness of the search and essentially that determination must depend upon the facts and circumstances of the particular case." *State v. Kent*, 20 Utah 2d 1, 5, 432 P.2d 64, 66 (1967). Here, there is no claim that either the fact of entry or the search and seizure was otherwise unlawful. The claim

is only that the manner of entry was unlawful.

However, the manner of entry in this case had nothing to do with the extent of the intrusion on defendant's privacy. The officers had a search warrant and executed it on the same day it was obtained. Although their unannounced entry was not authorized by the warrant, it did not contribute appreciably to the invasion of privacy already authorized by the warrant. Furthermore, the officers made a proper announcement and gave proper notice when Buck arrived on the scene. *See Wilson*, 41 Ohio App.2d at 242, 325 N.E.2d at 251. Under the circumstances, the officers' conduct was not unreasonable, and the trial court did not err in refusing to suppress the evidence seized.[2]

Affirmed.

HALL, C.J., and HOWE, Associate C.J., concur.

ZIMMERMAN, Justice (concurring).

I join in the majority opinion, but I think it important to add a note of caution. In the present case, nothing indicates that the officer intentionally executed the warrant when Mr. Buck was not at home so as to achieve what amounted to a no-knock search without prior judicial authorization. Should such a practice be brought to this Court's attention, we would have to fashion a suitable remedy to maintain the integrity of the legislative pronouncement in section 77-23-10 of the Code that police officers must give notice of their authority and purpose before entering premises to be searched. *Cf. Sabbath v. United States*, 391 U.S. 585, 589, 88 S.Ct. 1755, 1757, 20 L.Ed.2d 828 (1968) (importance of notice requirement); *State v. Hygh*, 711 P.2d 264, 273 (Utah 1985) (Zimmerman, J., concurring) (propriety of fashioning a remedy for violations of state constitution's search and seizure provision); *State v. Bishop*, 288 Or. 349, 352–53, 605 P.2d 642, 643 (1980) (propriety of adopting a remedy if violation of comparable statute were to become com-

---

**2.** Defendant also contends that the evidence should be suppressed pursuant to Utah Code Ann. § 77-35-12(g). However, this Court held

that provision unconstitutional in *State v. Mendoza*, 748 P.2d 181 (Utah 1987).

monplace); Note, *Announcement in Police Entries*, 80 Yale L.J. 139, 152–54 (1970–71) (importance and purpose of notice requirement).

DURHAM, J., concurs in the concurring opinion of ZIMMERMAN, J.